Filed 5/20/24  P. v. Carriedo CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JULIO CESAR CARRIEDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B327081<br>(Super. Ct. No. 2020010674)<br>(Ventura County) |

Julio Cesar Carriedo appeals from the judgment after a jury convicted him of 13 felonies and misdemeanors, including receiving stolen property (Pen. Code, § 496d, subd. (a)).  The trial court sentenced him to eight years eight months in state prison, including one year for receiving stolen property.  Carriedo contends that conviction should be reversed because the court admitted a police officer's testimony without waiting for a transcript of body camera footage to be prepared.  He also contends the evidence supporting the conviction was obtained in violation of *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*). We affirm.

FACTUAL AND PROCEDURAL HISTORY

In March 2021, Maximiliano Mendoza believed Carriedo and an accomplice named "Viviana" stole his car. He reported this to Officer Karina Hurtado.

Officer Alfonso Silva subsequently stopped Mendoza's car. Carriedo was driving. He said he did not have his identification with him and gave Officer Silva a fake name. He also said the car belonged to his friend Max. Officer Silva learned Carriedo's true identity about a half-hour later. He cited Carriedo and let him leave.

Four days later Officer Kyle Smith stopped Mendoza's car. Carriedo was in the front passenger seat. He told the officer Mendoza had lent him the car. There was a metal rod visible inside the car. Officer Smith believed the rod indicated the car had been stolen.

Officer Smith took Carriedo to the police station to be identified. While they were in Officer Smith's squad car Carriedo said that a woman named Viviana had stolen the car about two weeks earlier.

Officer Hurtado later spoke with Mendoza. He told her that he gave Carriedo a ride approximately two weeks prior. Carriedo drove away with the car.

At trial, Officer Smith testified that Carriedo told him that a woman named Viviana had stolen Mendoza's car. After Carriedo objected, the trial court held an Evidence Code[1] section 402 hearing. During that hearing Officer Smith said that Carriedo's statement about Viviana stealing Mendoza's car was not made in response to questioning, but was initiated by Carriedo on his own volition.

---

[1] Unlabeled statutory references are to the Evidence Code.

Carriedo complained there was no mention of "Viviana" in the transcript of Officer Smith's body camera footage.  The prosecutor said he "quickly" reviewed the footage and "there wasn't a lot you could hear from [Carriedo about] what he actually said."  He thus decided to include only "the most relevant information" and ask Officer Smith about Carriedo's statements on the witness stand.  He also offered to provide the recording to clarify exactly what Carriedo had said.

The trial court said that it was inclined to admit Officer Smith's testimony, but would permit Carriedo to renew his objection after listening to the body camera footage:

> "Obviously under completeness, if you want to get some of the statements in, that's fine.  That's up to you.  I think more allowing you to renew the objection once you've had a chance to confirm kind of what's on here.  Again, I don't have the benefit of the audio.  I'm just going off the transcript and what he testified to.  You guys have it."

The prosecutor then gave Carriedo the identifier corresponding to the body camera footage.  Carriedo did not renew his objection.

## DISCUSSION

### *Transcript of the body camera footage*

Carriedo contends the trial court erred when it admitted Officer Smith's testimony recounting the statement he made about Viviana stealing Mendoza's car without waiting for the prosecutor to provide a transcript of the officer's body camera footage.  But Carriedo did not renew his objection after the section 402 hearing.  His contention is forfeited.  (*People v. Mills* (2010) 48 Cal.4th 158, 170.)

3

It also fails on the merits. Hearsay is inadmissible "[e]xcept as provided by law." (§ 1200, subd. (b).) Subdivision (b) of section 1240 contains one such exception: "Evidence of a statement is not made inadmissible by the hearsay rule if the statement [¶] . . . [¶] [w]as made spontaneously while the declarant was under the stress of excitement." We review the trial court's decision for abuse of discretion. (*People v. Phillips* (2000) 22 Cal.4th 226, 236.)

There was no abuse of discretion here. "The word 'spontaneous' as used in . . . section 1240 means 'actions undertaken without deliberation or reflection.' " (*People v. Gutierrez* (2009) 45 Cal.4th 789, 811.) Officer Smith testified that Carriedo volunteered that a woman named Viviana had stolen Mendoza's car. Carriedo does not challenge that he made this statement spontaneously. Instead, he claims the trial court abused its discretion by admitting this spontaneous statement without waiting for a transcript of his entire interaction with Officer Smith. He cites no authority for this bright-line rule, however, and we decline to adopt it.

*Interrogation*

Alternatively, Carriedo contends the trial court's conclusion that he was not being interrogated when he told Officer Smith about Viviana was not supported by substantial evidence. We disagree.

A person subject to custodial interrogation by law enforcement must be warned of the right to remain silent, that any statement they make may be used against them, and that they have a right to an attorney during questioning. (*Miranda*, *supra*, 384 U.S. at p. 444.) " 'In applying *Miranda* one normally begins by asking whether custodial interrogation has taken

4

place.' " (*People v. Ochoa* (1998) 19 Cal.4th 353, 401, alterations omitted.) " 'Interrogation' consists of express questioning, or words or actions on the part of the police that 'are reasonably likely to elicit an incriminating response from the suspect.' " (*People v. Cunningham* (2001) 25 Cal.4th 926, 993.) "We review the trial court's finding regarding whether interrogation occurred for substantial evidence." (*People v. Clark* (1993) 5 Cal.4th 950, 985, overruled in part on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)

Substantial evidence supports the trial court's implied finding that there was no interrogation here. At the section 402 hearing, Officer Smith said that Carriedo's statement about Viviana stealing Mendoza's car was initiated by Carriedo himself; it was not made in response to a question. That testimony provides substantial evidence to support the trial court's finding that no interrogation occurred. (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1052 (*Barnwell*).) There was thus no *Miranda* violation.

Carriedo counters that a trial court should first confirm the contents of a recording before admitting testimony from a single witness to assess whether there was a *Miranda* violation. He invites us to "hold, as a matter of law, that where a recording of a conversation may exist—and where it appears a transcript could be prepared—testimony from a participant in that conversation, standing alone, does not constitute sufficient evidence in a *Miranda* inquiry to prove what was said, until or unless it is established either that the recording or transcript is not authentic or cannot shed light because of lack of audible clarity. Where the recording turns out not to exist or to be unusable, then the prosecution could rely on the officer testimony alone." But

5

this proposed rule runs counter to longstanding evidentiary rules. (See, e.g., § 411 ["the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact"]; *Barnwell, supra,* 41 Cal.4th at p. 1052; *People v. Rincon-Pineda* (1975) 14 Cal.3d 864, 884-885 [in criminal cases, trial courts must instruct that testimony from a single witness can prove any fact].)  We cannot adopt it.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

6

Derek D. Malan, Judge

Superior Court County of Ventura

_____

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.